**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 115594

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Bernard Goldberger, Simohamed Benzriouil and Barbara Cirruzzo, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Atlantic Credit & Finance Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Bernard Goldberger, Simohamed Benzriouil and Barbara Cirruzzo, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Atlantic Credit & Finance Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Bernard Goldberger is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff Simohamed Benzriouil is an individual who is a citizen of the State of New York residing in Kings County, New York.

7. Plaintiff Barbara Cirruzzo is an individual who is a citizen of the State of New York residing in Kings County, New York.

8. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant Atlantic Credit & Finance Inc., is a Virginia Corporation with a principal place of business in Roanoke County, Virginia.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

13. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

15. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

16. In its efforts to collect the debt alleged owed by Plaintiff Goldberger, Defendant contacted Plaintiff Goldberger by an initial letter dated February 27, 2018 and a second letter dated March 9, 2018. ("**Exhibit 1**.")

17. In its efforts to collect the debt alleged owed by Plaintiff Benzriouil, Defendant contacted Plaintiff Benzriouil by an initial letter dated March 20, 2018 and a second letter dated April 5, 2018. ("**Exhibit 2**.")

18. In its efforts to collect the debt alleged owed by Plaintiff Cirruzzo, Defendant

contacted Plaintiff Cirruzzo by an initial letter dated February 27, 2018 and a second letter dated March 9, 2018. ("**Exhibit 3**.")

19. The letters are all "communications" as defined by 15 U.S.C. § 1692a(2).

20. The initial letters and the second letters are identical for all purposes herein.

21. The second letters were sent to each Plaintiff before the expiration of 30 days of the sending of the initial letters.

22. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

23. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

24. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

25. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. 15 U.S.C. § 1692g(b) provides that any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor

27. The second letters, which were sent to each Plaintiff before the expiration of 30 days of the sending of the initial letters, all state "**PRE-LEGAL NOTIFICATION**" in bold font larger than any other writing on the page.

28. The second letter all state, "This letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation. Upon receipt of this notice, please call [] to discuss your options. If we don't hear from you or receive payment, Midland Funding, LLC may proceed with forwarding this account to an

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

attorney."

29. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

30. Threatening to take legal action without explaining that such threat does not override the consumer's right to dispute the debt or demand validation of the debt is a violation of the FDCPA.

31. Defendant threatened Plaintiffs with legal action and demanded immediate contact during the validation period without explaining that the possibility of legal action does not override the Plaintiffs' right to dispute the debt.

32. Defendant threatened Plaintiffs with legal action and demanded immediate contact during the validation period without explaining that the possibility of legal action does not override the Plaintiffs' right to demand validation of the debt.

33. Defendant threatened Plaintiffs with legal action and demanded immediate contact during the validation period without explaining that the demand for immediate contact does not override the Plaintiffs' right to dispute the debt.

34. Defendant threatened Plaintiffs with legal action and demanded immediate contact during the validation period without explaining that the demand for immediate contact does not override the Plaintiffs' right to demand validation of the debt.

35. The second letters would likely make the least sophisticated consumer fear she would be sued.

36. The second letters would likely make the least sophisticated consumer forego her validation rights for fear of being sued.

37. The second letters would likely make the least sophisticated consumer feel threatened.

38. The second letters would likely make the least sophisticated consumer feel intimidated.

39. The second letters overshadows Plaintiffs' validation rights set forth in the initial letters.

40. Defendant violated § 1692g(b) as the second letters overshadows Plaintiffs' validation rights.

## CLASS ALLEGATIONS

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

41. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt by sending the same form second letter before the expiration of 30 days of the sending of the initial letter, from one year before the date of this Complaint to the present.

42. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

43. Defendant regularly engages in debt collection.

44. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending the same form second letter before the expiration of 30 days of the sending of the initial letters.

45. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

46. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

47. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

48. Plaintiffs hereby demand a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: August 26, 2018

**BARSHAY SANDERS, PLLC**

By: ___*/s/ Craig B. Sanders*___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 115594

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530